UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DISABLED CITIZENS ALLIANCE FOR INDEPENDENCE, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:08CV1021 JCH |
| HONORABLE KENNETH W. PRATTE, PRESIDING JUDGE MISSOURI CIRCUIT COURT TWENTY-FOURTH JUDICIAL CIRCUIT, A SUBDIVISION OF THE STATE OF MISSOURI, et. al., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the Motion of Defendant the Missouri Circuit Court Twenty-Fourth Judicial Circuit's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. No. 40), filed on September 15, 2008. Plaintiffs filed an untimely response to this Motion on September 29, 2008. (Doc. No. 44).

## BACKGROUND

Plaintiff Disabled Citizens Alliance for Independence, Inc. ("the Alliance") originally filed this case in Missouri State Court on or around June 3, 2008. (Doc. No. 1-5). Defendant the Honorable Kenneth W. Pratte, Presiding Judge Missouri Circuit Court Twenty-Fourth Judicial Circuit ("the Circuit Court") removed this action to this Court on or around July 11, 2008. (Doc. No. 1). On August 13, 2008, Plaintiff Jimmie Sampson ("Sampson") filed a motion to intervene in the case and the Plaintiffs filed a motion for leave to file an Amended Complaint; both motions were granted. (Doc. Nos. 17, 18, 25, 26). The Amended Complaint alleged the following claims: Sampson's Missouri Human Rights Act ("MHRA") claim against Washington County, Missouri ("Washington

County") and the Circuit Court for equitable and monetary relief (Count I)[1]; Plaintiffs' MHRA and Americans with Disabilities Act ("ADA") claim against Washington County and the Circuit Court for equitable and monetary relief (Count II)[2]; Plaintiffs' claim against the Circuit Court and Washington County for equitable and monetary relief for violation of Article I, Section 14 of the Missouri Constitution (Count III)[3]; Sampson's MHRA claim against Washington County for equitable and monetary relief (Count IV); Sampson's claim against Washington County for equitable and monetary relief for violation of Article I, Section 14 of the Missouri Constitution (Count V); Sampson's claim for equitable and monetary relief against Washington County for violation of the Missouri Election Authorities and Conduct of Elections Act (Count VI).[4] (Doc. No. 26). On September 15, 2008, Defendant Washington County filed a Motion to Strike Counts IV and V of the Amended Complaint and Defendant "Washington County Board of Elections" filed a Motion to Dismiss it from the case, which were both granted. (Doc. Nos. 35, 37, 43). Currently before this Court is the Circuit Court's Motion to Dismiss the claims against the Circuit Court on the basis that Plaintiffs have failed to state

---

[1] Although Count I is labeled as a claim for injunctive relief, Plaintiffs allege that "Plaintiff, Jimmie Sampson, has experienced economic damages." (Amended Complaint, ¶ 13).

[2] Count II of Plaintiffs' Amended Complaint is captioned as a claim "for violation of the Missouri Human Rights Act" against the Circuit Court, but paragraph 35 also seems to allege a violation of the ADA. Likewise, Count II is captioned as a claim against only "Defendant Missouri Circuit Court Judicial Circuit" but the prayer seeks relief against the Circuit Court and Washington County.

[3] Count III is captioned as a claim against only "Defendant Missouri Circuit Court, Twenty-Fourth Judicial Circuit" but the prayer seeks relief against the Circuit Court and Washington County.

[4] Count VI is captioned as a claim for violation of the "Missouri Election Authorities and Conduct of Elections Act against Defendant Washington County," but Plaintiff Sampson alleges that he "continues to be denied a fundamental right accorded to him by the Constitution of the United States, the Constitution of Missouri and the Americans with Disabilities Act." (Amended Complaint, ¶ 59). Although it is unclear what the basis for relief is, this Court need not address Count VI as it is only against Washington County and not part of this Motion to Dismiss.

claim upon which relief can be granted and because Plaintiff, the Alliance, lacks standing to bring claims against the Circuit Court. (Doc. No. 40).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Kaminsky v. Missouri, No. 4:07-CV-1213, 2007 U.S. Dist. LEXIS 72316, at *5-6 (E.D. Mo. Sept. 27, 2007) (citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp., 127 S. Ct. at 1965; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

"A motion to dismiss for lack of jurisdiction under Rule 12(b)(1) which is limited to a facial attack on the pleadings is subject to the same standard as a motion brought under Rule 12(b)(6)." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003) (citing Osborn v. United States, 918 F.2d 724, 729, n.6 (8th Cir. 1990)). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to

allege an element necessary for subject matter jurisdiction." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 731-32 (11th Cir. 1982)).

## DISCUSSION

### A. Disabled Citizens Alliance for Independence, Inc. Lacks Standing

Generally, a plaintiff may only assert its own legal rights, and may not claim relief on the basis of others' rights. Kowalski v. Tesmer, 543 U.S. 125, 129 (2004). An association, however, may pursue claims solely as a representative of its members. "The doctrine of associational standing recognizes that the primary reason people join an organization is often to create an effective vehicle for vindicating interests that they share with others." International Union, United Auto., etc. v. Brock, 477 U.S. 274, 290 (1986). An organization has standing to bring suit on behalf of its members when (1) the association's members would otherwise have standing to sue in their own right; (2) the interests the association seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. Hunt v. Washington State Apple Advertising Com'n, 432 U.S. 333, 343 (1977), superseded by, United Food and Commercial Workers Union Local 751 v. Brown Group, Inc., 517 U.S. 544, 554-58 (1996) (holding that only the first two prongs of this three-part test are constitutionally mandated).

The Alliance does not have standing to bring suit on behalf of its members because the Alliance can not satisfy the first prong under the Hunt test for associational standing. Although Jimmie Sampson has sufficiently alleged a claim, the parties have not alleged that Sampson is a member of the Alliance. Bill Hammonds, Herman Vance and Stacy Politte, who are members of the Alliance, have not alleged any palpable injury or demonstrated that they could sue in their own right.

Plaintiffs claim that the Alliance has standing because members of the Alliance are "actually disabled" and have been excluded from the Courthouse because of their disability. See Plaintiffs' Response to Defendant Missouri Circuit Court Twenty-Fourth Judicial Circuit's Motion to Dismiss Plaintiffs' Amended Complaint, Doc. No. 44, ¶5 (citing affidavits of Bill Hammonds, Herman Vance and Stacy Politte). Hammons, Vance and Politte, however, never state in their affidavits that they are disabled or that they have been excluded from the Courthouse. Rather, Hammons and Vance identify themselves as Access Specialists (Doc. Nos. 26-2, 26-3), and Politte identifies herself as an Independent Living Specialist (Doc. No. 26-4). Hammons, Vance and Politte state that they conducted surveys and evaluations of the Courthouse as part of their employment "advocating on behalf of people with disabilities" and "working with people with disabilities of Washington county." (Doc. Nos. 26-2, 26-3, 26-4). Plaintiffs have put forth no evidence that Hammons, Vance and Politte are disabled or that they were injured or otherwise discriminated against based upon the purportedly noncompliant Courthouse.

The Alliance does not have standing to proceed in this case because it has not pled that an individual member of its organization has suffered any harm because of the Defendants. The Alliance's allegations in the Amended Complaint do not satisfy the first prong of the Hunt test because the Alliance has failed to allege that any of its members could sue in his or her own right. Cf. Access 4 All, Inc. v. Chi. Grande, Inc., No. 06 C 5250, 2007 U.S. Dist. LEXIS 35304, *34-35 (N.D. Ill. May 10, 2007) (where individual plaintiff, who was a member of Access 4 All, Inc., allegedly encountered various architectural barriers that violated the ADA, association had

sufficient basis to withstand motion to dismiss). The claims brought by the Alliance in Counts II and III are dismissed.[5]

### B. Sampson Has Sufficiently Pled His Claims for Relief Under the MHRA and the ADA

Defendant Circuit Court asserts that Sampson has failed "to state enough facts to state a plausible claim to relief." (Memorandum in Support of Defendant's Motion to Dismiss ("Memorandum in Support"), Doc. No. 41, pp. 4-7). Defendant specifically argues that Plaintiff Sampson's claims that the wheelchair ramp at the Washington County Courthouse looked "too steep" and that he was unable to get up the ramp to the Courthouse on at least one occasion are insufficient to support a violation of the ADA or MHRA. See id. Defendant does not cite to any case to support its claim. Cf. Layton v. Elder, 143 F.3d 469, 471-473 (8th Cir. 1998) (where the district court made several findings of fact, including that the "wheelchair ramp was too steep," the Eighth Circuit remanded the case to the district court for entry of an injunction mandating that the county make "each county service, program and activity ... readily accessible and usable by individuals with disabilities"). This Court believes that, at this stage of the proceedings, Plaintiff Sampson has sufficiently pled a claim for relief under the MHRA and the ADA and Defendant's Motion to Dismiss is denied with respect to these claims.

---

[5] It is unclear whether the Alliance is a plaintiff in Count VI because several of the allegations relate to the investigation and evaluation performed by Hammons, Vance and Politte. See Amended Complaint, ¶58. The Alliance, however is not mentioned in the prayer for relief. To the extent that the Alliance is making any claims against Washington County in Count VI, those claims likewise are dismissed sua sponte.

**C. Sampson Cannot State a Claim for Damages under the Missouri Constitution**

Defendant argues that Count III of the Amended Complaint fails to state a claim because damages are not permitted for a claim under Article I, Section 14 of the Missouri Constitution.[6] (Memorandum in Support, p. 7). The parties have not identified any precedent to support a claim for monetary relief under Article I, Section 14 of the Missouri Constitution. See Moody v. Hicks, 956 S.W.2d 398, 402 (Mo. Ct. App. 1997) (acknowledging no Missouri precedent for permitting suits for damages by private individuals resulting from violations of the Missouri Constitution). Defendant has identified relevant case law where the courts have held that damages are not permissible under the Missouri Constitution, unless specifically provided therein. USOC of Greater Mo. v. County of Franklin, No. 4:07CV1426, 2008 U.S. Dist. LEXIS 39124, at *7-8 (E.D. Mo. May 14, 2008) (granting motion for partial summary judgment on plaintiff's claim for damages for purported violation of Article I, Section 10 of Missouri Constitution); Gash v. Lafayette County, No. WD 65589, 2007 Mo. App. LEXIS 188, at *47 (Mo. Ct. App. Feb. 6, 2007) ("law is well settled that an individual cannot maintain a common law tort action for damages for violations of his rights guaranteed under the Missouri Constitution"; rejecting a claim that the due process clause of the Missouri Constitution is "self executing") (superseded on other grounds by Gash v. Lafayette County, 245 S.W.3d 229 (Mo. 2008)); Moody, 956 S.W.2d at 402 (no damages for claim under Article I, Section 15 of the Missouri Constitution).

---

[6] Strangely, Plaintiffs claim in their Response that the Circuit Court violated "the United States Constitution (XIV Amendment)." (Response, ¶ 1). This Court assumes that this is a typographical error because the only mention of the United States Constitution is a vague reference in paragraph 59 (Count VI) of the Amended Complaint.

- 7 -

Article I, Section 14 of the Missouri Constitution is not a self-executing provision and there is no precedent for a claim for damages thereunder. To the extent that Sampson purports to allege a claim for damages under the Missouri Constitution, Article I, Section 14, Count III of the Amended Complaint is dismissed. Plaintiff Sampson's claim in Count III for injunctive relief remains pending.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss of Defendant the Missouri Circuit Court Twenty-Fourth Judicial Circuit's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. No. 40) is **GRANTED** in part and **DENIED** in part.

**IT IS HEREBY FURTHER ORDERED** that Defendant's Motion to Dismiss the claims brought by the Disabled Citizens Alliance for Independence, Inc. is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that Defendant's Motion to Dismiss the damages claim in Count III of the Amended Complaint is **GRANTED**, and Plaintiff Sampson's claim for equitable relief in Count III remains pending.

**IT IS HEREBY FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff Sampson's claims for relief under the MHRA and the ADA are **DENIED**.

Dated this 1st day of October, 2008.

/s Jean C. Hamilton

UNITED STATES DISTRICT JUDGE